

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 25th Floor*     *Fax (203) 773-5376*
*New Haven, Connecticut 06510*     *www.justice.gov/usao/ct*

February 25, 2016

Ron Cordova, Esq.
16520 Bake Parkway, Suite 280
Irvine, CA 92618

      Re:    *United States v. Serj Geutssoyan*
             Case No. 16-CR-12-SRU-6

Dear Attorney Cordova:

This letter confirms the plea agreement between your client, Serj Geutssoyan (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to plead guilty to Count One of the indictment charging him with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349.

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

     1.     A conspiracy, or agreement, existed between two or more persons to commit wire and mail fraud, as described in the indictment, and

     2.     The defendant knowingly, willfully, and voluntarily became a member of, or a participant in, the conspiracy.

## THE PENALTIES

This offense carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The

Ron Cordova, Esq.
February 25, 2016
Page 2

defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

The government agrees not to seek any enhanced penalties pursuant to 18 U.S.C. §§ 2326 and 2327 relating to the telemarketing fraud allegations in the indictment.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in an amount of no less than $3,064,182.10.

<u>Forfeiture</u>

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based on the defendant's commission of the illegal act of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the indictment, the defendant agrees to forfeit all interests in each of the following assets:



*Ron Cordova, Esq.*
*February 25, 2016*
*Page 3*

<u>Bank Accounts</u>

1.    Quail Creek Bank account number 1113028 held in the name of Southern Chapman Group LLC dba Best Rate Financial Solution;

2.    Quail Creek Bank account number 1114590 held in the name of Southern Chapman Group LLC dba Nation Star Fin Group;

3.    JP Morgan Chase Bank account number 650200798 held in the name of Southern Chapman Group LLC dba Save Point Financial and Best Rate Financial Solutions and Nationstar Financial Group;

4.    JP Morgan Chase Bank account number 683830090 held in the name of Southern Chapman Group LLC dba Save Point Financial and Best Rate Financial and Nationstar Financial Group;

5.    JP Morgan Chase Bank account number 550079516 held in the name of Aria Maleki;

6.    JP Morgan Chase Bank account number 631907123 held in the name of Aria Maleki dba Capital Group Investment;

7.    JP Morgan Chase Bank account number 3066799585 held in the name of Aria Maleki;

8.    Wells Fargo account number 6021778680 held in the name of Insta X Media, LLC;

9.    Wells Fargo account number 8571206948 held in the name of Capital Group Financial, Inc.;

10.    Wells Fargo account number 8571206963 held in the name of Capital Group Financial, Inc.;

11.    Wells Fargo account number 6021778672 held in the name of Capital Group Investment LLC;

12.    Wells Fargo account number 6021778664 held in the name of Capital Group Investment LLC;

13.    US Bank account number 153495961812 held in the name of Tenacity Global Inc.; and



14.   US Bank account number 153495961804 held in the name of Tenacity Global Inc.

<u>Bitcoin</u>

1.   All accounts and funds at Bitstamp Limited owned and controlled by client 274979.

The defendant acknowledges that each of the above-listed assets is subject to forfeiture as property that constitutes or is derived from proceeds traceable to illegal conduct giving rise to forfeiture.

The defendant agrees to take all steps as requested by the United States to pass clear title to all of the forfeitable assets to the United States, to share truthful information with agents and representatives of the United States about any facts and claims concerning the assets, and to testify truthfully in any judicial forfeiture proceeding.

The defendant agrees to waive all interests in each of the assets listed in above in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.  The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).



*Ron Cordova, Esq.*
*February 25, 2016*
*Page 5*

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement.  The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office.  The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a

Ron Cordova, Esq.
February 25, 2016
Page 6

basis for an adjustment for obstructing or impeding the administration of justice
(§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition
of release.  Moreover, the Government reserves the right to seek denial of the
adjustment for acceptance of responsibility if the defendant seeks to withdraw his
guilty plea or takes a position at sentencing, or otherwise, which, in the
Government's assessment, is inconsistent with affirmative acceptance of personal
responsibility.  The defendant understands that he may not withdraw his plea of
guilty if, for the reasons explained above, the Government does not make one or
both of the recommendations or seeks denial of the adjustment for acceptance of
responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the
Government have entered into the attached stipulation, which is a part of this plea
agreement.  The defendant understands that this stipulation does not set forth all of
the relevant conduct and characteristics that may be considered by the Court for
purposes of sentencing.  The defendant understands that this stipulation is not
binding on the Court.  The defendant also understands that the Government and
the United States Probation Office are obligated to advise the Court of any
additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to
determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7.  That
level is increased by 16 because the loss exceeds $1,500,000.  U.S.S.G.
§ 2B1.1(b)(1)(I).  Two levels are added under U.S.S.G. § 2B1.1(b)(2)(A)(ii) because
the defendant's offense was committed through mass marketing.  Two levels are
added because the offense involved a violation of a prior, specific administrative
order.  U.S.S.G. § 2B1.1(b)(9)(C).  An additional two levels are added because the
offense involved the use of sophisticated means.  U.S.S.G. § 2B1.1(b)(10)(C).

Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of
responsibility, as noted above.

The parties disagree as to whether 4 levels should be added under U.S.S.G.
§ 3A1.1(b)(1)-(2).  The government's position is that the defendant's offense involved



*Ron Cordova, Esq.*
*February 25, 2016*
*Page 7*

a large number of vulnerable victims and thus 4 levels should be added.  The defendant's position is that no vulnerable victim enhancement is applicable.

The parties agree that, if a 4-level enhancement applies under U.S.S.G. § 3A1.1(b)(1)-(2), the defendant's total offense level is 30.  The parties further agree that if no vulnerable victim enhancement is applicable, the defendant's total offense level is 26.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 30, assuming a Criminal History Category I, would result in a range of 97 to 121 months of imprisonment (sentencing table) and a fine range of $30,000 to $250,000, U.S.S.G. § 5E1.2(c)(3).  A total offense level of 26 would result in a range of 63 to 78 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000, U.S.S.G. § 5E1.2(c)(3).  The defendant is also subject to a supervised release term of 1 years to 3 years.  U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations.  Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence.  The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241.  Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence



Ron Cordova, Esq.
February 25, 2016
Page 8

does not exceed 121 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a fine of $250,000, restitution of $3,064,182.10, and forfeiture of the assets listed above, even if the Court imposes such a sentence based on an analysis different from that specified above.  Similarly, the Government will not appeal a sentence of 63 months or more.  The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case.  The defendant acknowledges that he is knowingly and intelligently waiving these rights.  Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.



The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Venue

The defendant expressly agrees to waive, for purposes of this agreement and any charges by the Government arising out of the conduct described in the attached stipulation of facts, any defense or objection with respect to venue.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.



*Ron Cordova, Esq.*
*February 25, 2016*
*Page 10*

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.



*Ron Cordova, Esq.*
*February 25, 2016*
*Page 11*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

SERJ GEUTSSOYAN                    2/25/2016
The Defendant                      Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

RON CORDOVA, ESQ.                  25 February 2016
Attorney for the Defendant         Date

*Ron Cordova, Esq.*
*February 25, 2016*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the indictment:

From May 2012 until January 2016, the defendant and others operated a series of companies (the "Subject Entities") based in California that falsely purported to provide home mortgage loan modifications and other consumer debt relief services to homeowners across the United States, including in Connecticut, in exchange for upfront fees.

The Subject Entities included (1) First Choice Financial Group, Inc., which was a corporation registered with the California Secretary of State and which did business at various times as "First Choice Financial," "First Choice Debt," "Legal Modification Firm," "Modify Center," "National Freedom Group," "Home Care Alliance Group," "Home Protection Firm," and "Hardship Center;" (2) Network Solutions Center, Inc., which was a corporation registered with the Illinois Secretary of State and which did business at various times as "Premiere Financial Center," "Premiere Financial," and "Rescue Firm;" (3) International Research Group LLC, which was a limited liability company registered with the Oklahoma Secretary of State and which did business at various times as "Hardship Solutions," "American Loan Center," "Loan Retention Firm," "Clear Vision Financial," "Green Tree Financial Group," and "Green Tree Financial;" (4) Enigma Fund, Inc., which was a corporation registered with the California Secretary of State and which did business as "National Aid Group;" and (5) Southern Chapman Group LLC, which was a limited liability company registered with the Oklahoma Secretary of State and which did business at various times as "Save Point Financial," "Best Rate Financial Solutions," "Best Rate Financial Solution," "Best Rate Financial," "Best Rate Finance Group," "Nation Star Financial," and "Nation Star Fin Group."

The defendant, through the Subject Entities, made and caused to be made interstate telephone calls and sent and caused to be sent interstate e-mails, mailings, and facsimiles to homeowners across the United States, including in Connecticut, offering to provide mortgage loan modification services to homeowners who were having difficulty repaying their home mortgage loans. The defendant and others charged homeowners fees that typically ranged from about $2,500 to about $4,300 for their services. The defendant and others required these fees to be paid upfront and represented that the fees were to cover "closing costs" and miscellaneous expenses associated with the mortgage loan modifications.

In order to induce homeowners to send in their upfront payments, the defendant made and caused to be made various false representations to the

*Ron Cordova, Esq.*
*February 25, 2016*
*Page 13*

homeowners, including that: (a) the homeowners already had been approved for mortgage loan modifications on favorable terms; (b) the mortgage loan modifications already had been negotiated with the homeowners' lenders; (c) the homeowners qualified for and would receive financial assistance under various government mortgage relief programs; and (d) if for some reason the mortgage loan modifications fell through, the homeowners would be entitled to a full refund of their fees.  However, as the defendant knew or had reason to believe, these representations were not true.

Based upon the information currently available to the parties, the parties agree that the scheme in which the defendant knowingly and willfully participated resulted in losses of at least $3,064,182.10 to over 1,000 homeowners across the United States between May 2012 and January 2016.

The written stipulation above is incorporated into the preceding plea agreement.  The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

SERJ GEUTSSOYAN
The Defendant

AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY

RON CORDOVA, ESQ.
Attorney for the Defendant

*Ron Cordova, Esq.*
*February 25, 2016*
*Page 14*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A.  The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I)  the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

*Ron Cordova, Esq.*
*February 25, 2016*
*Page 15*

     The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court.  *See* 18 U.S.C. §§ 3614, 3613A.  The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.